UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DIONCIO VILLANUEVA LABASTIDA,<br><br>   Defendant. | NO. CR-09-6057-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court are Defendant's Motion for Discovery (Ct. Rec. 27) and Motion to Dismiss (Ct. Rec. 36). A hearing on these motions was held on July 13, 2010. The Government was represented by Assistant United States Attorney Alexander Ekstrom; Defendant was present and represented by Nicholas Marchi.

Defendant's Motion for Discovery requests his alien file from the Department of Homeland Security, as well as numerous items required under Fed. R. Crim. P. 16 and case law. The Government responds that it has made the alien file available for defense counsel, and has already provided the other items Defendant identifies. Accordingly, this motion is denied as moot.

Defendant's Motion to Dismiss raises three grounds for dismissal. The first is that application of *INS v. St. Cyr*, 533 U.S. 289 (2001), to Defendant's deportation proceedings would qualify him for relief from deportation, thereby invalidating his deportations. (Ct. Rec. 36 at 5). Second, Defendant claims that the deportation proceeding in 1992 was in violation of his due process rights, and is therefore invalid and incapable of supporting the current indictment. (Ct. Rec. 36 at 3). Third, Defendant claims that insufficiency of counsel nullifies his 1989 and

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** \* 1

1996 convictions as unconstitutional violations of his Sixth Amendment rights. (Ct. Rec. 36 at 5). Thus the current indictment would fail as unsupported by a valid prior deportation. For the following reasons, the Court rejects all three arguments.

*INS v. St. Cyr*, provides former Immigration and Naturalization Act ("INA") §212(c) relief from deportation to aliens whose convictions occurred through plea agreements, if such agreements were made at a time when the alien would have been eligible for such relief under the law then in effect. Former INA §212(c) stated "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." 8 U.S.C. §1182(c). The Ninth Circuit has strictly limited the application of *St. Cyr* to cases wherein the defendant pleaded guilty, stating that a defendant can only claim to have been injured in relying on eligibility for relief under §212(c) when choosing to agree to a plea bargain. *Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1131 (9th Cir. 2007); *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir. 2002) ("[I]t would border on the absurd to argue that these aliens might have decided not to commit drug crimes... had they known that if they were ... ordered deported, they could not ask for a discretionary waiver of deportation").

Under the Ninth Circuit's interpretation, *St. Cyr* does not impact Defendant's 1989 conviction for first and second degree assault because he was convicted by a jury. Also, *St. Cyr* does not impact his 1996 conviction for unlawful possession of a firearm. This is because Defendant committed the offense on July 19, 1996, and was convicted on October 15, 1996, (Ct. Rec. 42-4), meaning that the law in effect throughout the entirety of the criminal proceedings was the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996). The AEDPA amended the Immigration Act of 1990 ("IMMACT"), 8 U.S.C. §1182(c) (1990) (amending former INA §212(c)), to disallow relief for aliens who

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** * 2

had committed aggravated felonies. An aggravated felony is statutorily defined as a "crime of violence," 8 U.S.C. §1101(a)(43)(F), which in turn is defined as an offense that "has as an element the use... of physical force against the person... of another." 18 U.S.C. §16. Under this definition, first degree assault and second degree assault are considered to be aggravated felonies. Therefore, Defendant was not eligible for relief under §212(c) at the time of his guilty plea. The relief articulated by the Supreme Court in *St. Cyr* cannot extend to those who were ineligible to receive it at the time of their plea. Thus, Defendant's motion to dismiss cannot be granted on these grounds.

As the second grounds for dismissal, Defendant correctly asserts that he may collaterally attack an underlying deportation proceeding. (Ct. Rec. 36 at 2). Such an attack must meet three statutory requirements. The defendant must demonstrate that all administrative remedies against the proceeding have been exhausted; that the deportation proceedings "improperly deprived the alien of the opportunity for judicial review;" and the proceeding was "fundamentally unfair." 8 U.S.C. §1326(d). An order for deportation is considered fundamentally unfair if the underlying proceedings violate the alien's due process rights and the alien can show that he suffered prejudice. *United States v. Ubaldo-Figueroa*, 364 F.3d 1024 (9th Cir. 2004). Prejudice may be established by showing that the defendant had a plausible basis for relief. *United States v. Pallares-Galan*, 359 F.3d 1088 (9th Cir. 2004).

Here, Defendant attacks the validity of the deportation proceedings in 1992 by claiming that the Immigration Judge violated his due process rights in denying him relief under former INA §212(c). (Ct. Rec. 36 at 3). However, Defendant does not fulfill the first two criteria required for defendant to bring collateral attacks against predicate deportation proceedings under 8 U.S.C. §1326(d). Defendant has not exhausted all administrative remedies available to him, as he did not appeal the deportation order issued in 1992. (Ct. Rec. 42 at 5). Indeed, "Mr. Villanueva

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** * 3

concedes that he did not challenge these Removal Orders in his prior prosecutions for illegal re-entry." (Ct. Rec. 36 at 2). Additionally, Defendant does not claim that the 1992 deportation proceedings "improperly deprived" him of an "opportunity for judicial review" pursuant to 8 U.S.C. §1326(d)(2). Rather, the defense focus solely on the final requirement of fundamental unfairness encapsulated in §1326(d)(3). However, because the requirements articulated in §1326(d)(1) and (2) were not met, Defendant's motion to dismiss cannot be granted on these grounds.

Finally, Defendant asks this Court to allow a collateral attack on Defendant's 1989 and 1996 convictions on the basis of ineffective assistance of counsel. This raises two questions: whether Defendant may collaterally attack a prior conviction based on ineffective assistance of counsel and whether Defendant has alleged facts which, if true, would sustain such an attack.

To sustain a collateral attack against his prior convictions, Defendant must do more than merely allege a failure of counsel. Defendant must show that the assistance he received fell below an objective standard of reasonableness and that as a result he suffered prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court declared that advice regarding deportation and immigration status is not removed from the scope of Sixth Amendment protection. *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Thus, failure to advise a defendant about the potential consequences of their convictions on their immigration status satisfies *per se* the first prong of the *Strickland* test as a violation of the defendant's Sixth Amendment right to adequate counsel. *Id*. *Padilla*, however, does not address the second prong of the *Strickland* test. *Id.* at 1478 ("Whether he is entitled to relief depends on whether he has been prejudiced, a matter we do not address"). The second prong requires that the defendant show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In cases resolved by plea agreements, this is determined by asking whether the defendant would "have gone

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** * 4

to trial rather than accept the plea bargain..." *Moore v. Czerniak*, 574 F.3d 1092, 1100 (9th Cir. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). In the Ninth Circuit, district courts have interpreted this to require that the alleged deficient performance produce an actual, negative effect on the outcome of the case. *Miles v. Martel*, 2010 U.S. Dist. LEXIS 36726 at *2 (E.D. Cal. April 13, 2010) (unpublished) (a claim fails to establish prejudice where the petitioner derived substantial benefit from his plea bargain in comparison to the probable result of trial).

A defendant has the right to make a collateral attack upon an *underlying deportation order* because the order is an element of conviction under §1326. *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987) (emphasis added). However, this does not authorize an attack on the conviction authorizing the deportation order. An attack on a prior conviction on the basis of ineffective counsel in this context has no authorizing case law in the Ninth Circuit. In fact, the Supreme Court has indicated that ease of administration and finality of judgment require that a case not be reopened through collateral attack for the purpose of examining the adequacy of counsel. See *Daniels v. United States*, 532 U.S. 374 (2001); *see also Custis v. United States*, 511 U.S. 485 (1994). Indeed, the Supreme Court notes that there are many alternative methods of recourse for the defendant who believes his conviction was not constitutional.

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus... These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access on review...

*Daniels*, 532 U.S. at 381 (citations omitted). Despite the limitations of these methods, they provide adequate alternative avenues of relief to the aggrieved defendant. Thus, there is no compelling reason to render all prior convictions susceptible to collateral attack based on insufficiency of counsel where there are

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** \* 5

already mechanisms in place to provide an avenue for review. Rather, the Supreme Court has stated that the only convictions susceptible to collateral attack are cases wherein there is a complete failure to appoint counsel. See *Gideon v. Wainwright*, 372 U.S. 335 (1963).

Defendant has not alleged sufficient facts to establish that his counsel failed to meet an objective standard of reasonableness or that he suffered prejudice as the result. Defendant alleged no facts in support of his original motion, but did file a Declaration some months later alleging that he was not told of the consequences of his plea, and would not have pleaded guilty had he known (Ct. Rec. 44). However, a "bare assertion... is not enough. There would be no point in raising the issue, and hence no ineffective assistance of counsel, unless there were some proof to offer in his favor." *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). Likewise, Defendant fails to allege facts sufficient to meet the second prong of the *Strickland* test, that is: that accepting the plea bargain resulted in an outcome comparatively worse than would result from a trial. See *Miles*, 2010 U.S. Dist. LEXIS 36726.

Additionally, there is no support for Defendant's collateral attack on his 1989 and 1996 convictions. Defendant cites to no authority, nor does the Court find any, that supports this proposal. Rather, *Custis* and *Daniels* tend to show that the Supreme Court has foreclosed collateral attack of prior convictions based on claims of ineffective counsel outside the scope of direct appeal or a petition for the writ of habeas corpus. Therefore, the Court finds that Defendant is precluded from collaterally attacking his 1989 and 1996 convictions. Were he permitted to do so, his attacks would fail because he fails to allege facts which, if true, would support such an attack.

Therefore, the Court rejects this grounds for dismissal as well.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Discovery (Ct. Rec. 27) is **DENIED as moot.**

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** * 6

2. Defendant's Motion to Dismiss (Ct. Rec. 36) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 29th day of July 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\CRIMINAL\2009\Labastida\denydismiss.ord.wpd

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** * 7