UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DIONICO V. LABASTIDA,<br><br>    Defendant. | Crim. No.  CR-09-6057-RHW<br>Civil  No.  CV-12-5024-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

After the Court denied his motion to dismiss the indictment, on September 8, 2010, the Defendant pleaded guilty to being an alien in the United States after deportation, in violation of 8 U.S.C.§ 1326. Based largely on the Defendant's violent criminal history and five prior reentries, the Court imposed a mid-Guidelines range sentence of 63 months. The Ninth Circuit affirmed his conviction and sentence on October 17, 2011. The Defendant now alleges he was deprived the effective assistance of counsel and timely moves to vacate that sentence under 28 U.S.C. §2255(a). The motion is denied.

## STANDARDS

**1.    Section 2255 Standard**

Section 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** * 1

2255 deny.ord.wpd

the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). The Court need not hold an evidentiary hearing on a Section 2255 motion where the claims "can be conclusively decided on the basis of documentary testimony and evidence in the record." Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994).

**2.  Ineffective Assistance of Counsel Standard**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 697; *see also* Bell v. Cone, 535 U.S. 685, 695 (2002). Conclusory allegations are insufficient to state a claim for ineffective assistance of counsel. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 686-87. There is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." Id. at 689.

## ANALYSIS

**A.  Defendant's Motion**

The Defendant asserts counsel was defective in seven ways:

*1.  Failure to Argue Flaws in Predicate Removal Orders*

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** \* 2

2255 deny.ord.wpd

The Defendant first argues that counsel's performance was inadequate because he neglected to preserve issues concerning the constitutionality of the Defendant's various predicate removal orders. But these issues formed the basis of defense counsel's motion to dismiss denied by this Court, a decision the Ninth Circuit affirmed. Because these issues were raised and decided by the trial court and on direct appeal, they are not cognizable in collateral proceedings absent a substantive change in the law. Davis v. United States, 417 U.S. 333, 346 (1974). Here the Defendant alleges no such change, and the claim is denied.[1]

### 2. Failure to File Objections to Presentence Investigation Report

Next the Defendant argues that counsel's performance was defective because he did not object to the presentence investigation report (PSIR). This claim is meritless. In fact, defense counsel filed a sentencing memorandum that objected to three paragraphs of the PSIR, argued four grounds for departure and a variance, and attached a dozen supporting exhibits in an effort to mitigate the Defendant's sentence. Counsel's performance at sentencing did not amount to ineffective assistance.

### 3. Failure to Communicate During Plea Negotiations

The Defendant also claims that counsel failed to negotiate a favorable plea agreement or adequately communicate with the Defendant about case strategy. In support of this, he offers nothing more than his "recollections [that] there was never a discussion between petitioner and counsel as to how [to] approach either the plea agreement or the sentencing phase of the case." He says that counsel "lied" to him about the plea and refused to provide him a copy of the agreement. Such bare accusations, without more, are insufficient to compel relief under Section 2255. United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996). Moreover, these self-serving, post-conviction statements are belied by the Defendant's own admissions during his change of plea hearing, at which he answered affirmatively to the Court's questions about whether he had read, understood, and

---

[1] The Defendant cites to the Supreme Court's March 31, 2010, decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). However, this Court expressly considered the effect of Padilla in its order denying the Defendant's motion to dismiss. (ECF No. 49).

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** * 3

2255 deny.ord.wpd

accepted the agreement.

Even assuming counsel's communication and negotiation fell below accepted practice, the lenity of the Defendant's plea agreement suggests that the Defendant was not prejudiced thereby. The Defendant has prior felony convictions for first and second degree assault and unlawful possession of a firearm, and he has been deported from the United States five times. Even so, the plea agreement that counsel negotiated preserved the Defendant's right to appeal the Court's denial of his dismissal motion and the sentence it imposed. It also allowed the Defendant to argue the applicable base offense level, enhancements, criminal history, departures, and variances—in sum, permitting the Defendant to contest every aspect of sentencing. The Defendant alleges no facts that, if true, would demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### *4. Failure to Object to Sentencing Calculations*

Next the Defendant claims that counsel failed him at sentencing by not objecting to his criminal history score or his adjusted offense level. Without deciding that counsel's performance was deficient, the Court denies this claim because the Defendant cannot show resulting prejudice. First, the Probation Department correctly tabulated his criminal history score, taking into account his 1996 conviction for Unlawful Use of a Social Security Number. Though the Court sentenced the Defendant to 366 days imprisonment, it later revoked the tailing supervised release and sentenced the Defendant to an additional eight months in prison. Thus the Defendant's total sentence was twenty months, which properly resulted in three criminal history points. *See* U.S.S.G. §§ 4A1.2(k) (providing that total incarceration time, for the purposes of computing criminal history, includes an original prison term plus any subsequent sentence on revocation); & § 4A1.1(a) (adding three points for prior sentences of imprisonment greater than thirteen months), & § 4A1.2(e)(1) (defining applicable time period for criminal history calculations as past fifteen years for sentences of more than thirteen months). Where there is no error, there can be no prejudice.

Second, the Defendant's argument that counsel was defective for not objecting to his

upwardly adjusted offense level is unfounded. The Defendant's base offense level was increased by sixteen points because he had a prior crime of violence—the PSIR cites his two 1998 state assault convictions as supporting this enhancement. Id. § 2L1.2(b)(1)(A)(ii). The Ninth Circuit has held that the lesser of the Defendant's two crimes, second degree assault, is categorically a crime of violence under federal sentencing law. United States v. Hermoso-Garcia, 413 F.3d 1085, 1089 (9th Cir. 2005) (interpreting RCW 9A.36.021(1)(a), the same statute under which the Defendant was convicted). Thus the enhancement applies, and no prejudice resulted.

Moreover, defense counsel argued unsuccessfully at both sentencing and on direct appeal that a downward departure was warranted because the Defendant's criminal history score overrated its seriousness. Both courts rejected its application, and that claim is not cognizable under Section 2255.

### 5. Failure to Move for Departure Based on Cultural Assimilation

Next, the Defendant argues that counsel was deficient because he did not argue for a downward departure based on the Defendant's cultural assimilation to the United States. In fact, counsel advanced this at the sentencing proceedings and on direct appeal to the Ninth Circuit. It is not now arguable again. And, as the Government's brief succinctly outlines, the Defendant cannot show prejudice from any defective performance on the part of his lawyer. His violent criminal history and habit of reentering the country illegally runs contrary to the case law finding departures on this basis appropriate.

### 6. Failure to Move for Departure Based on Onerous Prison Conditions

The Defendant's penultimate claim is that counsel failed to move for a downward departure based on the "onerous" conditions aliens, as opposed to United States citizens, face in prison. But counsel did move to depart on these grounds in his sentencing memorandum, which the Court considered and rejected. His performance does not run afoul of Strickland's standard merely because it did not result in a favorable outcome for the Defendant.

### 7. Failure to Move for Departure Based on Sentencing Disparity

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** \* 5

2255 deny.ord.wpd

Finally the Defendant asserts that counsel failed him by not moving to depart from the Sentencing Guidelines based on sentencing disparities in jurisdictions that do and do not implement early disposition programs. These programs, colloquially dubbed "fast track" sentencings, allow the Government to offer a below-Guidelines sentence in exchange for a defendant's prompt guilty plea and waiver of certain pre-trial and post-conviction rights. However, the Eastern District of Washington is a "fast track" jurisdiction, so any disparity would be in the Defendant's favor, and in any event his criminal history denied him eligibility for the program. Moreover, the Ninth Circuit has determined that such disparities are not unwarranted and do not deserve consideration at sentencing. United States v. Marcial-Santiago, 447 F.3d 715, 718-19 (9th Cir. 2006). No prejudice resulted by counsel's failure to move for a departure on this ground, and the Defendant's claim fails.

**B.    Certificate of Appealability**

In order to pursue any appeal from the denial of a writ of habeas corpus under Section 2255, a defendant must first obtain a certificate of appealability. 28 U.S.C. § 2253(c). This Court possesses the authority to issue a certificate of appealability, United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997), and will do so when the Defendant makes a substantial showing of the denial of a constitutional right. Id. at (c)(2). To make a substantial showing, the Defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 335-336 (2003).

For the reasons stated above, the Defendant is not able to make a substantial showing of a denial of a constitutional right. These determinations are not debatable among jurists of reason, a court could not resolve the issues in a different manner, and there is no issue of sufficient adequacy to deserve encouragement to proceed further. Because the Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c).

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** \* 6

2255 deny.ord.wpd

## CONCLUSION

In summary, the Court finds no basis for vacating, setting aside, or reducing the Defendant's sentence under Section 2255, and no certificate of appealabilty shall issue. His motion (ECF No. 76) is **DENIED**. The civil cause number (CV-12-5024) is **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to Defendant and counsel for the Government.

**DATED** this 23rd day of May, 2012.

_s/Robert H. Whaley_
ROBERT H. WHALEY
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** * 7

2255 deny.ord.wpd